**HURRELL CANTRALL LLP**
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SULIETO G. DOMINGO, JR. | CASE NO. 2:18-cv-03227-JAK-SHK |
| Plaintiff, | **DISCOVERY MATTER**<br>Assigned to Hon. Magistrate Judge<br>Shashi H. Kewalramani |
| v. | |
| DEPUTY CHRISTOPHER<br>OPERATION SAFE JAIL (O.S.J.),<br>DEPUTY SEPULVEDA OPERATION<br>SAFE JAIL (O.S.J.), LOS ANGELES<br>COUNTY SHERIFF DEPUTY MENG,<br>REGISTERED NURSE GULSETH<br>(EMP #415900), REGISTERED<br>NURSE OQUENDO (EMP #232707), | **[~~PROPOSED~~] PROTECTIVE ORDER**<br><br>[Assigned to Hon. John A. Kronstadt, Courtroom "10B"] |
| Defendants. | |

## I.     PURPOSE AND LIMITATIONS

Discovery in this Action is likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (hereafter "this Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential

1  treatment under the applicable legal principles.

2  **II.      GOOD CAUSE STATEMENT**

3      This Action is likely to involve confidential information derived from

4  personnel records, investigatory documents, and other materials subject to privacy

5  protections for which special protection from public disclosure and from use for any

6  purpose other than prosecution of this Action is warranted.  Limiting disclosure of

7  these documents to the context of this litigation as provided herein will, accordingly,

8  further important law enforcement objectives and interests, including the safety of

9  personnel and the public, as well as individual privacy rights of plaintiff, the

10  individual defendants, and third parties.   Such confidential materials and

11  information consist of, among other things, materials entitled to privileges and/or

12  protections under the following: the United States Constitution, First Amendment;

13  the California Constitution, Article I, Section 1; California *Penal Code* §§ 832.5,

14  832.7, and 832.8; California *Evidence Code* §§ 1040 and 1043 *et seq.*; the Privacy

15  Act of 1974, 5 U.S.C. § 552a; Health Insurance Portability and Accountability Act

16  of 1996 (HIPAA), Public Law 104-191, decisional law relating to such provisions;

17  and information otherwise generally unavailable to the public, or which may be

18  privileged or otherwise protected from disclosure under state or federal statutes,

19  court rules, case decisions, or common law.  Defendants also contend that such

20  confidential materials and information consists of materials entitled to the Official

21  Information Privilege.

22      Confidential information with respect to the Defendants may include but is

23  not limited to: personnel files; internal investigative files and documents; email and

24  written correspondence records; and policies and procedures that are kept from the

25  public in the ordinary course of business, as well as other items subject to the

26  Official Information Privilege and other privileges.  Confidential information with

27  respect to Plaintiff may include the following: psychological and medical notes,

28  evaluations, reports, and treatment plans.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  The Parties reserve the right to challenge a designation of confidentiality
2  pursuant to the terms set forth under Paragraph 8 of this Order.

3  Accordingly, to expedite the flow of information, to facilitate the prompt
4  resolution of disputes over confidentiality of discovery materials, to adequately
5  protect information the Parties are entitled to keep confidential, to ensure that the
6  Parties are permitted to reasonably use such material in preparation for and in
7  conduct of trial, to address their handling at the end of the litigation, and serve the
8  ends of justice, a protective order for such information is justified in this matter.  It
9  is the intent of the Parties that information will not be designated as confidential for
10  tactical reasons and that nothing be so designated without a good faith belief that it
11  has been maintained in a confidential, non-public manner, and there is good cause
12  why it should not be part of the public record of this case.

13  **III.   ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER**
14  **SEAL**

15  The Parties further acknowledge, as set forth in Section 14.3, below, that this
16  Order does not entitle them to file confidential information under seal.  Local Civil
17  Rule 79-5 sets forth the procedures that must be followed and the standards that will
18  be applied when a Party seeks permission from the Court to file materials under
19  seal.

20  There is a strong presumption that the public has a right of access to judicial
21  proceedings and records in civil cases.  In connection with non-dispositive motions,
22  good cause must be shown to support a filing under seal.  *See Kamakana v. City and*
23  *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*
24  *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*
25  *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
26  require good cause showing), and a specific showing of good cause or compelling
27  reasons with proper evidentiary support and legal justification, must be made with
28  respect to materials that a party seeks to file under seal.  The Parties' mere

designation of materials as "CONFIDENTIAL" does not— without the submission of competent evidence by declaration, establishing that the materials sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable— constitute good cause.  Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest(s) to be protected.  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## IV.   **DEFINITIONS**

4.1   Action:  *Sulieto G. Domingo, Jr. v. Deputy Christopher Operation Safe Jail (O.S.J), et al.,* Case No. 2:18-cv-03227-JAK-SHK.

4.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3   "CONFIDENTIAL" Information or Items:  Information (regardless of the medium or manner in which it is generated, stored, or maintained) or tangible things that qualify for protection under *Federal Rule of Civil Procedure* 26(c), and as specified above in the Good Cause Statement.

-4-

4.4    <u>Counsel</u>:  General Counsel of Record and House Counsel (as well as their support staff).

4.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4.7    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or his/her Counsel to serve as an expert witness or as a consultant in this Action.

4.8    <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include General Counsel of Record or any other outside counsel.

4.9    <u>Non-Party</u>:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this Action.

4.10   <u>General Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, as well as their support staff.

4.11   <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and General Counsel of Record (and their support staffs).

4.12   <u>Producing Party</u>: a Party or Non-Party that makes a disclosure or produces discovery material in this Action.

4.13   <u>Professional Vendors</u>:   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14   <u>Protected Material</u>: any disclosure or discovery material that is designated as "CONFIDENTIAL."

4.15   <u>Producing Party</u>:  a Party that makes a disclosure or produces discovery materials to the Receiving Party.

4.15   <u>Receiving Party</u>: a Party that receives a disclosure or discovery materials from a Producing Party.

## V.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel (as defined by Sections 4.8 and 4.10) that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## VI.   <u>DURATION</u>

Once a case proceeds to trial, information that was designated as "CONFIDENTIAL" or maintained pursuant to this Protective Order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merit-related documents are part of court record).  Accordingly, the terms of this Protective Order do not extend beyond the commencement of the trial.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

**VII. DESIGNATING PROTECTED MATERIAL**

7.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific materials that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of materials, documents, items or oral or written communications that qualify so that other portions of the materials, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery materials that qualifies for protection under this Order must be clearly so designated before the materials are disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains Protected Material.  If only a portion of the material on a page qualifies for

protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all materials made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For testimony given in depositions, that the Designating Party identify the disclosure or discovery materials on the record, before the close of the deposition, all protected testimony.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  Order.

2  **VIII.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

3        8.1     <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a

4  designation of confidentiality at any time that is consistent with the Court's

5  Scheduling Order.

6        8.2     <u>Meet and Confer</u>.   The Challenging Party shall initiate the meet and

7  confer process outlined in Local Rule 37.1, *et seq*.

8        8.3     <u>Joint Stipulation</u>.   Any challenge submitted to the Court shall be via a

9  joint stipulation pursuant to Local Rule 37-2.

10        8.4     The burden of persuasion in any such challenge proceeding shall be on

11  the Designating Party.   Frivolous challenges, and those made for an improper

12  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

13  parties) may expose the Challenging Party to sanctions.   Unless the Designating

14  Party has waived or withdrawn the confidentiality designation, all Parties shall

15  continue to afford the material in question the level of protection to which it is

16  entitled under the Producing Party's designation until the Court rules on the

17  challenge.

18  **IX.   ACCESS TO AND USE OF PROTECTED MATERIAL**

19        9.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

20  disclosed or produced by another Party or by a Non-Party in connection with this

21  Action only for prosecuting, defending or attempting to settle this Action.   Such

22  Protected Material may be disclosed only to the categories of persons and under the

23  conditions described in this Order. When the Action has been terminated, a

24  Receiving Party must comply with the provisions of Section XV, *infra*.

25        Protected Material must be stored and maintained by a Receiving Party at a

26  location and in a secure manner that ensures that access is limited to the persons

27  authorized under this Order.

28        9.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.   Unless

Hᴜʀʀᴇʟʟ Cᴀɴᴛʀᴀʟʟ LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's General Counsel of Record in this Action, as well as employees of said General Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound," attached and hereafter referred to as "Exhibit A."

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed Exhibit A.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) deposition witnesses and their attorneys, in the Action to whom disclosure is reasonably necessary, provided the following: (1) the deposing party requests that the witness sign Exhibit A; and (2) the deposing party makes clear that the witness will not be permitted to keep any confidential information unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator or settlement officer, and their supporting personnel,

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  mutually agreed upon by any of the parties engaged in settlement discussions.

2      9.3.   Additional Provisions Applicable to Pro Se Inmate Sulieto G.

3  Domingo, Jr. ("Plaintiff")

4      Plaintiff shall review, but not retain possession of, all documents designated

5  as confidential, and produced by Defendants Deputy Christopher, Deputy

6  Sepulveda, Deputy Meng, Nurse Gulseth, and Nurse Oquendo ("Defendants"), in

7  this Action.   (*See Manley v. Zimmer*, 2013 5592328 (D.Nev. Oct. 9, 2013)

8  [permitting pro se inmate to review, but not retain, redacted documents in his cell;

9  and with the Department of Corrections warden pursuant to the NDOC procedures]).

10     Domingo shall review all documents designated as confidential and produced

11  by Defendants in this Action in accordance with the 2020 California Department of

12  Corrections and Rehabilitation, Department Operations Manual ("DOM")

13  procedures (esp. Chapter 1, Article 15—Information Practices and Article 18—

14  Legal Matters).

15     Following Plaintiff's review of documents designated as confidential, he shall

16  relinquish said documents to the appropriate California Department of Corrections

17  and Rehabilitation and/or custody personnel for safekeeping.

18  **X.   PROTECTED MATERIAL SUBPOENAED OR ORDERED**

19      **PRODUCED IN OTHER LITIGATION**

20     If a Party is served with a subpoena or a court order issued in other litigation

21  that compels disclosure of any information or items designated in this Action as

22  "CONFIDENTIAL," that Party must:

23     (a) promptly notify in writing the Designating Party.  Such notification

24  shall include a copy of the subpoena or court order;

25     (b) promptly notify in writing the party who caused the subpoena or order

26  to issue in the other litigation that some or all of the material covered by the

27  subpoena or order is subject to this Order.  Such notification shall include a copy of

28  this Order; and

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-11-

1    (c) cooperate with respect to all reasonable procedures sought to be pursued

2 by the Designating Party whose Protected Material may be affected.

3    If the Designating Party timely seeks a protective order, the Party served with

4 the subpoena or court order shall not produce any information designated in this

5 action as "CONFIDENTIAL" before a determination by the court from which the

6 subpoena or order issued, unless the Party has obtained the Designating Party's

7 permission.  The Designating Party shall bear the burden and expense of seeking

8 protection in that court of its confidential material and nothing in these provisions

9 should be construed as authorizing or encouraging a Receiving Party in this Action

10 to disobey a lawful directive from another court.

## XI.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

13    (a) The terms of this Order are applicable to information produced by a

14 Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

15 produced by Non-Parties in connection with this litigation is protected by the

16 remedies and relief provided by this Order.  Nothing in these provisions should be

17 construed as prohibiting a Non-Party from seeking additional protections.

18    (b) In the event that a Party is required, by a valid discovery request, to

19 produce a Non-Party's confidential information in its possession, and the Party is

20 subject to an agreement with the Non-Party not to produce the Non-Party's

21 confidential information, then the Party shall:

22    (1) promptly notify in writing the Requesting Party and the Non-Party

23 that some or all of the information requested is subject to a confidentiality

24 agreement with a Non-Party;

25    (2) promptly provide the Non-Party with a copy of this Order in this

26 Action, the relevant discovery request(s), and a reasonably specific description of

27 the information requested; and

28    (3) make the information requested available for inspection by the Non-

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-12-

Hurrell Cantrall LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  Party, if requested.

2      (c) If the Non-Party fails to seek a protective order from this Court within

3  fourteen (14) days of receiving the notice and accompanying information, the

4  Receiving Party may produce the Non-Party's confidential information responsive

5  to the discovery request.  If the Non-Party timely seeks a protective order, the

6  Receiving Party shall not produce any information in its possession or control that is

7  subject to the confidentiality agreement with the Non-Party before a determination

8  by the court.  Absent a court order to the contrary, the Non-Party shall bear the

9  burden and expense of seeking protection in this Court of its Protected Material.

10  **XII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

11      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

12  Protected Material to any person or in any circumstance not authorized under this

13  Order, the Receiving Party must immediately (a) notify in writing the Designating

14  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

15  unauthorized copies of the Protected Material, (c) inform the person or persons to

16  whom unauthorized disclosures were made of all the terms of this Order, and (d)

17  request such person or persons to execute Exhibit A.

18  **XIII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
19        **PROTECTED MATERIAL**

20      When a Producing Party gives notice to Receiving Parties that certain

21  inadvertently produced material is subject to a claim of privilege or other protection,

22  the obligations of the Receiving Parties are those set forth in *Federal Rule of Civil*

23  *Procedure* 26(b)(5)(B).  This provision is not intended to modify whatever

24  procedure may be established in an e-discovery order that provides for production

25  without prior privilege review.  Pursuant to *Federal Rule of Evidence* 502(d) and

26  (e), insofar as the Parties reach an agreement on the effect of disclosure of a

27  communication or information covered by the attorney-client privilege or work

28  product protection, the Parties may incorporate their agreement in a subsequent

stipulation to the court.

## XIV.   MISCELLANEOUS

14.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   Right to Assert Other Objections.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Order.

14.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XV.   FINAL DISPOSITION

After the final disposition of this Action, as defined in Section VI, *supra*, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. (*See Buchanan v. Santos,* 2011 WL 2112475 at *5 (E.D.Cal. May 26, 2011) [case involving a protective order requiring a pro se inmate litigant to return the records and information disclosed by the defendant custody officer at the conclusion of the Action].)  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-14-

1  Material that was returned or destroyed and (2) affirms that the Receiving Party has
2  not retained any copies, abstracts, compilations, summaries or any other format
3  reproducing or capturing any of the Protected Material.   Notwithstanding this
4  provision, Counsel are entitled to retain an archival copy of all pleadings, motion
5  papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,
6  deposition and trial exhibits, expert reports, attorney work-product, and consultant
7  and expert work product, even if such materials contain Protected Material.  Any
8  such archival copies that contain or constitute Protected Material remain subject to
9  this Order as set forth in Section VI, *supra*.

10  **XVI.   VIOLATION**

11      Any violation of this Order may be punished by appropriate measures
12  including, without limitation, contempt proceedings and/or monetary sanctions.

13

14  DATED:   October 19, 2020

15

16  _____
17  HON. SHASHI H. KEWALRAMANI
    United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-15-

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

    I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Sulieto G. Domingo, Jr. v. Deputy Christopher Operation Safe Jail (O.S.J), et al.,* Case No. 2:18-cv-03227-JAK-SHK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

    I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 300 South Grand Avenue, Suite 1300, Los Angeles, California 90071.

On October 16, 2020, I served true copies of the following document(s) described as **[PROPOSED] PROTECTIVE ORDER**  on the interested parties in this action as follows:

Sulieto Domingo, CDC BH5300             *In Pro Per*
California Rehabilitation Center
A1 – 109 – 50 u
P.O. Box 3535
Norco. CA  92860

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hurrell Cantrall's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 16, 2020, at Los Angeles, California.


*Marlyssa Hummer*
_____
Marlyssa V. Hummer